IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SONG YI CHUNG, | ) CIVIL NO. 13-00604 JMS/RLP |
| | ) |
| Plaintiff, | ) ORDER GRANTING DEFENDANT |
| | ) FORD MOTOR COMPANY'S EX |
| vs. | ) PARTE MOTION TO SEAL |
| | ) PLAINTIFF'S EXHIBITS 19 |
| FORD MOTOR COMPANY, et al., | ) THROUGH 22 AND ADDITIONAL |
| | ) DECLARATION OF SCOTT A. |
| Defendants. | ) RITSEMA IN OPPOSITION TO |
| | ) DEFENDANT FORD MOTOR |
| | ) COMPANY'S MOTION FOR |
| | ) PARTIAL SUMMARY JUDGMENT |
| | ) ON PUNITIVE DAMAGES |
| _____ | ) |

**ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S EX
PARTE MOTION TO SEAL PLAINTIFF'S EXHIBITS 19 THROUGH 22
AND ADDITIONAL DECLARATION OF SCOTT A. RITSEMA IN
OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S MOTION
FOR PARTIAL SUMMARY JUDGMENT ON PUNITIVE DAMAGES**

## I. INTRODUCTION

Before the court is Defendant Ford Motor Company's ("Defendant"

or "Ford") Ex Parte Motion to Seal Plaintiff Song Yi Chung's ("Plaintiff")

Exhibits 19 Through 22 and Additional Declaration of Scott A. Ritsema,[1] in

support of Plaintiff's Opposition to Defendant's Motion for Partial Summary

---

[1] Plaintiff filed a Declaration of Scott A. Ritsema that includes ¶¶ 1-21 and identifies Plaintiff's Exhibits 1-18.  Doc. No. 177.  The lodged Additional Declaration of Scott A. Ritsema includes ¶¶ 22-26 and identifies Plaintiff's Exhibits 19-23.  As explained below, because Exhibit 23 will be filed publicly, Plaintiff must file ¶ 26 publicly.

Judgment.  Doc. No. 187.  Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.  For the reasons set forth below, the Motion is GRANTED.

## II. <u>DISCUSSION</u>

### A.   **Background**

On February 26, 2014, a Stipulated Protective Order (Documents) was entered barring the parties from publicly disclosing documents that have been designated confidential.  Doc. No. 42.  On June 15, 2015, Defendant filed a Motion for Partial Summary Judgment on Plaintiff's Claims for Punitive Damages.  Doc. No. 157.  On August 3, 2015, Plaintiff filed her Opposition, along with supporting declarations and exhibits, Doc. Nos. 172-76, and a Motion to Seal Exhibits 19 - 23 and the Additional Declaration of Scott. A. Ritsema.  Doc. No. 171.  Plaintiff sought to seal these documents, which Defendant designated as confidential pursuant to the Stipulated Protective Order, and provided the documents to the court for an *in camera* review.  The court denied Plaintiff's Motion and a subsequent Ex Parte Motion to Seal these documents, *see* Doc. Nos. 180, 185, for failure to comply with Local Rule 83.12 and the standard set forth in *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

2

Because the information and reasoning necessary to support a motion to seal these particular documents lies with Defendant, on August 10, 2015, the court provided Defendant an opportunity to file an appropriate motion.  Doc. No. 185.  Defendant filed the instant Ex Parte Motion to Seal on August 13, 2015, Doc. No. 187, and lodged the documents it seeks to seal.

By the instant Motion, Defendant seeks to seal Plaintiff's Exhibits 19 through 22[2] and the Additional Declaration of Scott A. Ritsema.  Roger A. Burnett, an engineer in Defendant's Design Analysis Department describes these documents as follows:

Exhibit 19 - "a draft PowerPoint reflecting design considerations related to the seats and seatbelts in 2015 Ford Mustang vehicles . . . [that] contains detailed descriptions of Ford's design decision making process as well as engineering drawings, testing, and the tools used by Ford in vehicle design [and] provides a detailed window into Ford vehicle development which is also applied to other vehicle programs."  Doc. No. 187-2, Burnett Decl. ¶ 7.

Exhibit 20 - "an email exchange between Ford employees discussing language to be used in describing the function of restraints components in 2015

---

[2]  Defendant does not oppose the public filing of Plaintiff's Exhibit 23.

Ford Mustangs [which] reflects Ford's design and development process related to current model year vehicles." *Id.* ¶ 8.

Exhibit 21 - "an investigation into seatbelt designs for Ford Mustang vehicles" including "a detailed breakdown of Ford testing as well as Ford's benchmarking of competitor vehicles." *Id.* ¶ 9.

Exhibit 22 - "a detailed description of the primary function of certain restraint components in 2015 Ford Mustang vehicles as well as Ford design considerations and drawings." *Id.* ¶ 10.

Additional Ritsema Declaration - a detailed discussion revealing the contents of the documents included in Exhibits 19 through 22. *Id.* ¶ 11.

## B.  Legal Standard

Pursuant to Local Rule 83.12(a), a party may seek leave to file under seal any document "if it contains confidential, restricted, or graphic information and/or images." However, based on the "general right to inspect and copy public records and documents, including judicial records and documents," there is a "strong presumption" in favor of maintaining public access to judicial records that are not of a type "traditionally kept secret for important policy reasons."[3]

---

[3]   Records that are traditionally kept secret include "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Kamakana*, 447 F.3d at 1178.

*Kamakana*, 447 F.3d at 1178.  This strong presumption "applies fully to . . . motions for summary judgment and related attachments."  *Id.* at 1179.

A party seeking to seal attachments in connection with a dispositive motion "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard."  *Id.* at 1178.  In so doing, the party "must 'articulate compelling reasons supported by specific factual findings' that outweigh . . . public policies favoring disclosure."  *Id.* at 1178-79 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  The "compelling reasons" standard applies "even if the dispositive motion, or its attachments, were previously filed under seal or protective order."  *Id.* at 1179.

Generally, compelling reasons that are sufficient to overcome this strong presumption exist when:

>such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.

*Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

///

///

///

5

C.     **Application**

After an *in camera* review of Exhibits 19 through 22 and the

Additional Ritsema Declaration, the court finds that Defendant has met its burden

to seal these documents.

  *1.     The Documents at Issue Constitute Trade Secrets*

Defendant argues that the documents at issue contain confidential

trade secrets.  The court agrees.  The Ninth Circuit defines a trade secret as "any

formula, pattern, device, or compilation of information which is used in one's

business, and which gives him an opportunity to obtain an advantage over

competitors who do not know or use it."  *Clark v. Bunker*, 453 F.2d 1006, 1009

(9th Cir. 1972) (quoting Restatement of Torts ¶757, cmt. b.); *see also In re Elec.*

*Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

Here, Defendant contends that Exhibits 19 through 22 and the

Additional Ritsema Declaration all relate to "Ford's business of designing and

manufacturing passenger vehicles, including Ford's engineering methodologies

and decision making practices."  Doc. No. 187-1, Mem. at 4 (citing Burnett Decl.

¶ 12).  Defendant further contends that this confidential information provides Ford

with a competitive advantage over other vehicle manufacturers in terms of vehicle

research, design, development, evaluation and analysis, which is translatable into

sales and profits.  *Id.*  Ford maintains the confidentiality of its engineering methodologies and practices by making it available only to specific Ford employees, such information is not known outside of Ford's business, and the economic value of such information is dependent upon its confidentiality.  *Id.* at 4-5 (citing Burnett Decl. ¶¶12-13).   The court finds that the information in Plaintiff's Exhibits 19 - 22 and the Additional Ritsema Declaration constitutes trade secrets -- it is used in Ford's business and gives Ford an advantage over its competitors who do not know or use the information.  *See In re Elec. Arts, Inc.*, 298 F. App'x at 569.

### 2.   *Defendant Met the Compelling Reasons Standard*

Preventing the release of trade secrets generally constitutes a compelling reason to seal such documents.  *Kamakana*, 447 F.3d at 1179; *see also Nixon*, 435 U.S. at 598 (observing that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing"); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226-28 (Fed. Cir. 2013) (holding that under Ninth Circuit law, detailed product-specific information and internal reports are appropriate to seal under the "compelling reasons" standard where that information could be used to the company's competitive

disadvantage).  However, an "unsupported assertion of unfair advantage to competitors without explaining how a competitor would use th[e] information to obtain an unfair advantage" is insufficient.  *Hodges v. Apple Inc.*, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (finding Apple failed to meet the compelling reasons standard because it failed to state what harm it would experience if proprietary business, engineering, and design material were publicly disclosed and failed to provide specific reasons to seal the information, supported by facts, that could outweigh the public policy favoring public access to court filings).

Defendant contends that if these documents containing "information regarding the development of restraint technologies and Ford's engineering design decision making processes" were publicly disclosed, "Ford's competitors . . . would gain a competitive advantage [by being] able to use Ford's sophisticated and refined engineering practices and methodologies without incurring the costs necessary to develop them (costs which Ford has had to incur), allowing them to bring products to market sooner than they otherwise would have and/or at a lower cost."  Doc. No. 187-2, Burnett Decl. ¶¶ 14-15.  Burnett's Declaration is sufficient to establish a compelling reason to seal these documents -- Ford spent considerable time and expense developing its engineering methodologies and

practices and it would be harmed if competitors were able to use Ford's trade

secrets to bring products to market sooner and at a lower cost.  *See Nixon*, 435

U.S. at 598; *Apple Inc*., 727 F.3d at 1228.  Accordingly, the court finds that

Defendant has established compelling reasons to seal these documents.

## IV.  <u>CONCLUSION</u>

Based on the foregoing, Defendant's Ex Parte Motion to Seal

Plaintiff's Exhibits 19 Through 22 and Additional Declaration of Scott A. Ritsema

is GRANTED.  The Clerk of Court is directed to file the lodged Plaintiff's

Exhibits 19 through 22 and Additional Declaration of Scott A. Ritsema, in support

of Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment,

Doc. No. 172, UNDER SEAL.  In light of Defendant's representation that it does

not oppose public disclosure of Plaintiff's Exhibit 23, Plaintiff is directed to file

Exhibit 23 publicly.  Plaintiff is also directed to file ¶ 26 of the Additional

Declaration of Scott A. Ritsema publicly by either filing an amended Declaration

///

///

///

///

///

9

of Scott A Ritsema that includes ¶¶ 1-21 and 26, or by filing a Second Additional

Declaration of Scott A. Ritsema that includes ¶ 26.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 20, 2015.



_/s/ J. Michael Seabright_____
J. Michael Seabright
United States District Judge

*Chung v. Ford Motor Co.*, Civ. No. 13-00604 JMS-RLP, Order Granting Defendant Ford Motor Company's Ex Parte Motion to Seal Plaintiff's Exhibits 19 Through 22 and Additional Declaration of Scott A. Ritsema in Opposition to Defendant Ford Motor Company's Motion for Partial Summary Judgment on Punitive Damages